United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 10, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 20-32643 |
| ENTREC CORPORATION, *et al.*, | § § | CHAPTER 15 |
| Debtors. | § § | |
| WOLVERINE ENERGY AND INFRASTRUCTURE INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | ADVERSARY NO. 20-3455 |
| ENT CAPITAL CORP., *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION

The Court granted a judgment in favor of ENTREC Corporation[1] following a contract dispute with Wolverine Energy and Infrastructure Inc. In the judgment, the Court awarded ENTREC costs. Wolverine objects to ENTREC's bill of costs. Because ENTREC does not sufficiently support the amounts it seeks in its bill of costs, Wolverine's objection is sustained.

## BACKGROUND

Following a multi-day trial, the Court ruled for ENTREC in its contract dispute with Wolverine. (ECF No. 138). In short, Wolverine sought the return of a deposit it gave ENTREC. But under the terms of their contract, Wolverine was not entitled to the deposit. The Court held that ENTREC could keep the deposit, and it awarded costs to ENTREC as the prevailing party. (ECF No. 139). Wolverine appealed. (ECF No. 142).

---

[1] The ENTREC Defendants include ENT Capital Corporation; ENTREC Holdings Incorporated, ENTREC Cranes & Heavy Haul, Incorporated, and ENTREC Corporation.

After Wolverine appealed, ENTREC submitted its bill of costs. (ECF No. 146). The bill of costs consists of: (i) two introductory pages referencing the bill of costs form and invoices of expenses incurred (ECF No. 146 at 1–2); (ii) the two page bill of costs form that (A) categorizes and totals the costs and (B) shows ENTREC's counsel signature on a boilerplate declaration that "the foregoing costs are correct and were necessarily incurred in this action, [and] the services for which fees have been charged were actually and necessarily performed . . ." (ECF No. 146-1 at 2); and (iii) 59 pages of almost entirely redacted invoices except for a few entries with generic labels such as "Courier Fees," "Transcript - Deposition," "Search Fees," "Document Production," "Copying," "Online Research," and "Deposition Transcripts." (ECF No. 146-2 at 5, 11, 15, 25, 45, 58). ENTREC submitted no other evidence to support the bill of costs. In total, ENTREC seeks to recover $21,360.86:

- $20,118.94 for "[f]ees of the court reporter for any and all part of the transcript necessarily obtained for use in the case";
- $625.27 for "[f]ees and disbursements for printing";
- $118.95 for "[f]ees for exemplifications and copies of papers necessarily obtained for use in this case"; and
- $497.70 for "search fees." (ECF No. 146-1 at 2).

Wolverine objected. (ECF No. 148).

## DISCUSSION

Under Federal Rule of Bankruptcy Procedure 7054(b)(1), "the court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." Federal Rule of Civil Procedure 54(d)(1) is substantially the same: "Unless a federal statute, these

rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

28 U.S.C. § 1920 defines "costs." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987) ("We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). Section 1920 authorizes the Court to tax various expenses as "costs":

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Transcripts comprising the $20,118.94 charge must have been "necessarily obtained for use in the case" to be taxed as a cost. § 1920(2). This may include costs for deposition transcripts:

> This court has previously held that prevailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were "necessarily obtained for use in the case." Although some courts have disagreed, we have consistently held that a deposition need not be introduced into evidence at trial in order to be "necessarily obtained for use in the case." If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs.

*Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991); *see Oldham v. Thompson/Ctr. Arms Co., Inc.*, No. 4:12-CV-2432, 2014 WL 1794861, at *5 (S.D. Tex. May 5, 2014) ("Because Section 1920(2) allows costs related to 'transcripts necessarily obtained for use in the case,' without specifying the kind of transcripts, costs associated with transcripts of motion hearings are allowable." (citing *Crevier–Gerukos v. Eisai, Inc.,* No. H–11–0434, 2014 WL 108730, at *1 (S.D. Tex. Jan. 9, 2014))).

"Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman*, 920 F.2d at 285–86. The party seeking the costs has the burden of establishing necessity. *Oldham*, 2014 WL 1794861, at *5 (citing *Fogleman*, 920 F.2d at 286). ENTREC's entitlement to costs must be demonstrated in the evidentiary record; it may not merely submit a list without appropriate support.

ENTREC points out that both it and Wolverine "designated and cross-designated deposition transcripts for each part of the two-part bifurcated trial, certain of which were joint designations, and all of which were filed on the docket." (ECF No. 149 at 4). ENTREC does not delineate the depositions for which it seeks reimbursement of transcript costs because it apparently seeks to recover the cost of every deposition transcript: "***All*** deposition transcripts were critical for counsel for [ENTREC's] preparation of trial." (ECF No. 149 at 4). At trial, the parties questioned witnesses on statements made in depositions and submitted a video deposition with an accompanying transcript for the Court's review. (*See* ECF Nos. 124 at 112–113, 126, 149–150, 152, 172; 135 at 2–3, 127–128). The Court recognizes that at least some of the deposition transcripts were referenced at trial. But even if the transcripts were "critical" for preparation for trial, the Court has scant evidence that the deposition transcripts were originally obtained for trial preparation instead of simple discovery or convenience. *See Fogleman*, 920 F.2d at 285. In fact,

save for the boilerplate statement in the bill of costs form that the $20,118.94 was incurred for "[f]ees of the court reporter for any and all part of the transcript necessarily obtained for use in the case," the Court has no evidence as to why the transcript costs were incurred. Although seemingly meant to support the costs, ENTREC's Exhibit B—59 pages of almost entirely redacted invoices—is not helpful. It is so heavily redacted that it cannot be used to evaluate the conclusionary statement of necessity contained in the bill of costs. Indeed, the Court notes five entries of costs marked only as "Transcript - Deposition" or "Deposition Transcripts" totaling $24,955.31:

- $5,163.99 invoiced on November 11, 2021 (ECF No. 146-2 at 11);
- $14,266.04 invoiced on April 12, 2021 (ECF No. 146-2 at 25);
- $3,057.96 invoiced on May 17, 2021 (ECF No. 146-2 at 31);
- $1,613.72 invoiced on December 9, 2021 (ECF No. 146-2 at 40); and
- $853.60 invoiced on January 26, 2022 (ECF No. 146-2 at 58).

The absence of information precludes the Court from evaluating the request through the exercise of the discretion that is imposed on the Court. *Crawford*, 482 U.S. at 441–42 ("[Section 1920] is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."). Yet ENTREC seeks to recover $20,118.94 for transcripts. (ECF No. 146-1 at 2). The Court does not understand: (i) to which depositions these transcript costs relate; (ii) for which deposition transcripts ENTREC seeks reimbursement (it cannot be all of them without some discount); or (iii) how any combination of the above amounts could result in a total of $20,118.94. Ultimately, because ENTREC does not identify the deposition transcripts for which it seeks to recover costs or why the transcripts were originally obtained, the Court sustains Wolverine's objection.

Regarding the $625.27 for printing fees and disbursements, Wolverine argues that printing costs are not appropriately shifted without a showing that "materials copied were necessary for use in case at trial." (ECF No. 148 at 2). But ENTREC seeks the $625.27 for printing, not copying. (ECF No. 146-1 at 2). And unlike §§ 1920(2) and (4), § 1920(3) does not state that the fees for printing must be "necessarily obtained for use in the case." Nevertheless, ENTREC does not identify the documents for which it seeks to recover printing costs in the bill for costs. (*See* ECF No. 146). ENTREC could have provided an explanation of what it printed and why. It did not do so when it filed the bill of costs, and it does not suffice for ENTREC to explain how it incurred printing costs only after Wolverine objected. (*Compare* ECF No. 146, *with* ECF No. 149 at 4–5). The Court allowed the use of electronic presentations throughout the case. That should have eliminated the necessity of at least some of the printing costs that ENTREC may have incurred for the purposes of trial. Finally, ENTREC lumps $267.64 of "Courier Fees" into the amount it seeks for printing costs. (ECF Nos. 146-2 at 5; 149 at 4). Courier fees are not "costs" under § 1920. *Thatcher v. OakBend Med. Ctr.*, No. CV H-14-3551, 2016 WL 5848889, at *8 (S.D. Tex. Oct. 6, 2016) ("The statute does not cover . . . courier fees . . . ."); *Wells v. Eagle*, No. CIV.A. H-14-1548, 2015 WL 5022184, at *10 (S.D. Tex. Aug. 24, 2015), *aff'd sub nom. Wells v. J–M Mfg. Co., Inc.*, 652 Fed. Appx. 268 (5th Cir. 2016); *Oldham*, 2014 WL 1794861, at *4 ("Costs of additional counsel copies are not allowable under Section 1920, and neither are delivery fees." (citing *Fogleman*, 920 F.2d at 286)). The Court sustains Wolverine's objection.

Like the printing costs, ENTREC does not identify the documents it copied or why. (*See* ECF No. 146). The Court sustains Wolverine's objection as to the $118.95 of copying costs.

Regarding the $497.70 for "search fees," Wolverine contends that computerized search fees are not recoverable under federal law. (ECF No. 148 at 3). ENTREC acknowledges that

"federal courts sometimes decline to award computerized search fees under section 1920 of title 28," but the Court should still award the search fees because they "were reasonably incurred and necessary in this case." (ECF No. 149 at 6).  ENTREC fails to identify where § 1920 permits the taxation of "search fees" as costs.  The Court sustains Wolverine's objection.  *See W. Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.*, 834 F.2d 1232, 1236 (5th Cir. 1988) ("Federal Rule of Civil Procedure 54(d) allows trial courts to refuse to tax costs otherwise allowable, but it does not give them the power to tax items not elsewhere enumerated . . . ." (citing *Crawford*, 482 U.S. 437)).

## CONCLUSION

A separate order will be entered.

SIGNED 02/10/2023

_____
Marvin Isgur
United States Bankruptcy Judge